**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (AT CINCINNATI)**

| | |
|---|---|
| WILLIAM P. SAWYER d/b/a SHARONVILLE FAMILY MEDICINE, an Ohio Corporation, individually and as the representative of a class of similarly-situated persons, | ) Civil Action No. 1:17-cv-678 <br> ) <br> ) <br> ) <br> ) <br> ) |
| Plaintiff, | ) **CLASS ACTION COMPLAINT** <br> ) |
| v. | ) <br> ) |
| BARIATRIX US, INC., BARIATRIX NUTRITION, CORP., BARIATRIX VERMONT, INC., SETPOINT HEALTH CORP., and JOHN DOES 1-5, | ) <br> ) <br> ) <br> ) |
| Defendants. | |

Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure, Plaintiff William P. Sawyer d/b/a Sharonville Family Medicine ("Sharonville Family Medicine" or "Plaintiff") alleges the following against Defendants Bariatrix US, Inc. Bariatrix Nutrition Corp., Bariatrix Vermont, Inc., Setpoint Health Corp., and John Does 1-5 (collectively referred to as "Bariatrix"):

**PRELIMINARY STATEMENT**

1.      This case involves the sending of unsolicited advertisements via facsimile.

2.      The Telephone Consumer Protection Act ("TCPA"), which was modified and renamed the Junk Fax Prevention Act ("JFPA") in 2005, is codified at 47 U.S.C. § 227.

3.      Bariatrix sent documents to Sharonville Family Medicine on January 14, 2014; February 5, 2014; March 12, 2014; and April 9, 2014 via facsimile (the "Bariatrix Faxes"). A copy of the Bariatrix Faxes are attached hereto as Exhibit A.

4.      The receipt of an unsolicited advertisements via facsimile (or "junk fax") causes damage to the recipient. A junk fax uses the office supplies of the recipient such as paper, toner,

and the fax machine itself.  A junk fax also ties up the phone line and the fax machine of the recipient, thereby precluding their use for legitimate, authorized facsimiles and other business. Finally, a junk fax wastes the recipient's time in reviewing and discarding unwanted solicitations.

5.      The claims of Sharonville Family Medicine and the other recipients of the Bariatrix Faxes are all based on the same legal theory; *i.e.,* violations of the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Bariatrix, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with them, from sending unsolicited advertisements in violation of the JFPA; (ii) statutory damages in the amount of $500.00 for each violation of the JFPA, and (iii) treble damages as provided by § 227(b)(3) of the JFPA.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227, as the JFPA is a federal statute and, therefore, gives rise to federal question jurisdiction.

7.      This Court has personal jurisdiction over Bariatrix because Bariatrix transacted business within this judicial district, made contracts within this judicial district, and/or committed tortious acts within this judicial district.

8.      This Court has venue under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

9.      Sharonville Family Medicine is trade name registered in the State of Ohio for a medical facility located in Sharonville, Ohio.

10. Bariatrix US, Inc. is a Delaware corporation, and its principal place of business is located at 308 Industrial Park Road, Georgia, VT 05454.

11. Bariatrix Nutrition Corp. is a Vermont corporation, and its principal place of business is located at 308 Industrial Park Road, Georgia, VT 05454.

12. Bariatrix Vermont, Inc. is a Vermont corporation, and its principal place of business is located at 308 Industrial Park Road, Georgia, VT 05454.

13. Setpoint Health Corp. is a Delaware corporation, and its principal place of business is located at 10 Ossipee Road, Newton Upper Falls, MA, 02464

14. Bariatrix sells food, programs, and other products marketed for weight management or weight loss.

15. John Does 1-5 assisted Bariatrix in its facsimile advertising activities by providing a list of fax numbers, transmitting the Bariatrix Faxes, providing advice or assistance on the content of the Bariatrix Faxes, etc. The identity of the John Doe defendants is not presently known but will be identified through discovery.

**FACTS**

16. Bariatrix sent material to Sharonville Family Medicine via its office facsimile machine that promoted the commercial activity availability or quality of Bariatrix's products on January 14, 2014, February 5, 2014, March 12, 2014 and April 9, 2014.

17. Bariatrix did not seek or obtain permission from Sharonville Family Medicine to send ads to Sharonville Family Medicine's fax number/fax machine prior to doing so.

18. The Bariatrix Faxes did not contain an opt-out notice that complied with the requirements of the JFPA.

19.　　Based on information, belief, and the appearance of the Bariatrix Faxes themselves, Bariatrix sent the Bariatrix Faxes to more than forty persons via facsimile.

## CLASS ACTION ALLEGATIONS

20.　　In accordance with Fed. R. Civ. P. 23, Sharonville Family Medicine brings this action on behalf of the following persons: "All persons who (1) were sent the Bariatrix Faxes or similar material (2) by or on behalf of Bariatrix; (3) via facsimile (3) on or after four years prior to the filing of this action."　This class of persons constitutes the putative class members. Sharonville Family Medicine may amend the class definition after discovery identifies potential class members, additional facsimile advertisements, and/or more specific contours of the class.

21.　　<u>Numerosity</u>: Based on information, belief, and the appearance of the Bariatrix Faxes, the number of putative class members exceeds forty.　Facsimile advertisements are typically sent to hundreds if not thousands of persons.　The joinder of such a large group of persons in a single lawsuit would be impracticable.

22.　　<u>Commonality</u>:　Common questions of law and fact apply to the claims of the putative class members.　These include the following:

(a)　　Whether the Bariatrix Faxes constitutes "unsolicited advertisements" within the meaning of the JFPA;

(b)　　How Bariatrix compiled or obtained the list of fax numbers to which the Bariatrix Faxes were sent;

(c)　　Whether Bariatrix obtained "express invitation or permission" within the meaning of the JFPA from the intended targets prior to sending them the Bariatrix Faxes;

(d)　　Whether the Bariatrix Faxes contained opt-out notices that complied with the requirements of the JFPA;

(e)　　Whether Bariatrix violated the JFPA and the regulations promulgated thereunder with regard to the Bariatrix Faxes; and

      (f)     Whether Bariatrix sent the Bariatrix Faxes intentionally, knowingly, or willfully.

23.    <u>Typicality:</u>  Sharonville Family Medicine's claims are typical of the claims of the putative class members. Sharonville Family Medicine is asserting the same claim under the same federal statute as the other members of the putative class. Sharonville Family Medicine is also seeking the same relief for itself and the other members of the putative class.

24.    <u>Adequacy:</u>  Sharonville Family Medicine will fairly and adequately represent the interests of the putative class members. Sharonville Family Medicine has no interests in conflict with the putative class members, has the resources and inclination to prosecute this action to completion, and has retained experienced counsel to assist it in doing so.

25.    <u>Predominance:</u>  The questions of law and fact common to the putative class members predominate over any questions affecting only individual members because:

      (a)     Sharonville Family Medicine's claim depends on the same factual and legal issues as that of the putative class members;

      (b)     the evidence supporting Bariatrix' likely defenses will come solely from Bariatrix' own records and will not require any information or inquiries from individual class members;

      (c)     the damages for all putative class members are set by statute and will, therefore, be the same for each and every member of the putative class; and

      (d)     the identity of the putative class members can be readily ascertained from Bariatrixs' or its agents' computer records, phone records, or other business records.

26.    <u>Superiority:</u>  A class action would be superior to individual actions by the putative class members for the following reasons:

(a)    the damages suffered by any one class member are too low to justify a stand-alone lawsuit;

(b)    the JFPA contains no provision for awarding attorney fees. As such, individual claimants would, as a practical matter, have to proceed *pro se* against a large, sophisticated defendant;

(c)    many of the putative class members are legal entities that would not be permitted to proceed in court *pro se*; and

(d)    the evidence concerning each of putative class member's claims is so similar that the adjudication of each on an individual basis would be repetitive, inefficient, and wasteful.

## CLAIM FOR RELIEF – VIOLATIONS OF THE JFPA

27.    The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. 227(b)(1).

28.    The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

29.    Bariatrix sent the Bariatrix Faxes to the facsimile machines of Sharonville Family Medicine and numerous other persons.

30.    The Bariatrix Faxes promoted the commercial availability and/or quality of the goods and/or services of Bariatrix.

31.    Bariatrix did not obtain prior express invitation or permission from Sharonville Family Medicine before sending the Bariatrix Faxes to Sharonville Family Medicine's fax number/fax machine.

32.     Bariatrix' conduct has caused Sharonville Family Medicine and the putative class members to suffer actual and statutory damages under the JFPA.

WHEREFORE, Plaintiff William P. Sawyer d/b/a Sharonville Family Medicine, individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants Bariatrix US, Inc. Bariatrix Nutrition Corp., Bariatrix Vermont, Inc., Setpoint Health Corp. and John Does 1-5, as follows:

(1)     that the Court adjudge and decree that the present case may be properly maintained as a class action, appoint William P. Sawyer d/b/a Sharonville Family Medicine as the representative of the class, and appoint William P. Sawyer d/b/a Sharonville Family Medicine's counsel as counsel for the class;

(2)     that the Court award actual or statutory damages to William P. Sawyer d/b/a Sharonville Family Medicine and the other members of the class for each violation of the JFPA by Bariatrix;

(3)     that the Court enjoin Bariatrix from additional violations of the JFPA; and

(4)     that the Court award William P. Sawyer d/b/a Sharonville Family Medicine pre-judgment interest, post-judgment interest, attorney fees, treble damages, costs, and such other relief as may be just and proper.

Respectfully submitted,

WILLIAM P. SAWYER D/B/A SHARONVILLE FAMILY MEDICINE individually and as the representative of a class of similarly-situated persons,

*/s/Matthew E. Stubbs*
GEORGE D. JONSON (0027124)
MATTHEW W. STUBBS (0066722)
MONTGOMERY, RENNIE & JONSON
36 E. Seventh Street, Suite 2100
Cincinnati, OH  45202
Telephone: 513-241-4722
Facsimile: 513-241-8775 (fax)
Email: gjonson@mrjlaw.com
        mstubbs@mrjlaw.com